IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| UNITED STATES OF AMERICA | ) | MO-08-CR-151 |
|---|---|---|
| | ) | |
| VS. | ) | **Sentencing** |
| | ) | |
| MICHAEL TIMOTHY LONG | ) | December 16, 2008 |

**BEFORE THE HONORABLE ROBERT JUNELL**
**UNITED STATES DISTRICT JUDGE**
**In Midland, Texas**

FOR THE GOVERNMENT:        **MS. KERRY A. FLECK**
Assistant United States Attorney
400 W. Illinois, Suite 1200
Midland, Texas  79701
(432) 686-4110


FOR THE DEFENDANT:        **MR. MICHAEL L. McLEAISH**
Attorney at Law
123 E. 4th Street
Odessa, Texas  79761
(432) 332-9444


COURT REPORTER:        **MR. TODD ANDERSON, RMR, CRR**
United States Court Reporter
1100 Commerce St., Rm. 1625
Dallas, Texas  75242
(214) 753-2170




        The above-styled and numbered cause was reported by

mechanical stenography and produced by computer.

1                    INDEX

2    Court's ruling......................................... 8

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          (December 16, 2008)

2          (Defendant present)

3          THE COURT:  Clerk, call the next case, please.

4          THE CLERK:  Court calls MO-08-CR-151, the United

5    States of America versus Michael Timothy Long.

6          MS. FLECK:  Kerry Fleck on behalf of the

7    Government.

8          MR. McLEAISH:  Your Honor, I'm Michael McLeaish,

9    representing Mr. Long.

10          THE COURT:  Mr. Long, state your name for me,

11   please, sir.

12          THE DEFENDANT:  Michael Timothy Long.

13          THE COURT:  Mr. Long, are you the Defendant in

14   this case?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  Did you receive a copy of the written

17   presentence investigation report?

18          THE DEFENDANT:  Yes, Your Honor, I did.

19          THE COURT:  Did you read that report?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  And did you discuss that report with

22   your attorney?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  And, Mr. McLeaish, did you receive a

25   copy of the report and discuss it with your client?

1        MR. McLEAISH:  Yes, I did, Your Honor.

2        THE COURT:  And, Mr. McLeaish, does the Defendant

3  have any objections or corrections to the report?

4        MR. McLEAISH:  No.

5        THE COURT:  And, Ms. Fleck, does the Government

6  have any objections to the report?

7        MS. FLECK:  No, Your Honor.

8        THE COURT:  I have reviewed the presentence

9  investigation report prepared by U.S. Probation Officer

10  Lorena Toscano.  I find the report accurate and correct, and

11  I adopt the report and the application of the Sentencing

12  Guidelines contained in the report.

13        The total offense level is a 15.

14        The criminal history category, a 1.

15        The guideline range for custody is 18 to 24

16  months.

17        The Defendant is ineligible for probation.

18        The guideline range for supervised release is two

19  to three years.

20        The guideline for a fine is $4,000.00 to

21  $40,000.00.

22        Restitution is not applicable.

23        And the special assessment to the Crime Victims

24  Fund is $100.00.

25        Mr. Long, I would be glad to hear from you and

1    Mr. McLeaish on anything you would like for me to know

2    before I pronounce sentence in your case.

3              THE DEFENDANT:  Well, sir, I would like to

4    apologize to the family that I committed the crime against.

5    It was very wrong.  I want to apologize to my family for the

6    burden that I have placed upon them.  They've stood by me

7    through this also.

8              THE COURT:  Do you have some family here today?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  Would you introduce them to me,

11   please?

12             THE DEFENDANT:  My -- I'm sorry, I've been sick

13   for the past five days.

14             THE COURT:  Okay.

15             THE DEFENDANT:  My father and my mother, my wife,

16   my sister, and my niece.

17             THE COURT:  I appreciate all of them being here

18   today very much.  I appreciate all of them being here.

19             All right.  Anything else you would like for me to

20   know?

21             THE DEFENDANT:  I just would like to apologize to

22   the Court for what I did and everybody forgive me today.

23             Mr. McLeaish, what would you like to add?

24             MR. McLEAISH:  I'm sick as well, Your Honor, and

25   excuse me.

1          THE COURT:  Okay.

2          MR. McLEAISH:  I really have not spoken much

3     today.

4          THE COURT:  You won't mind if we don't have a

5     bench conference then, do you?

6          MR. McLEAISH:  Mr. Wade suggested I call for one,

7     but I told him I would rather not.  That's fine, Your Honor.

8          In connection with Mr. Long, Your Honor, all the

9     evidence I see, including the letters that the Court has in

10    your possession, one of the letters was from an ex-deputy

11    sheriff or an ex-elected sheriff of Ector County, Reggie

12    Yearwood.

13         Mr. Long has lived a life free of crime until this

14    incident that brings us to court today.

15         I would like to point out to the Court that he is

16    a skilled machinist.  He will have work available when he

17    serves his sentence.  He has no trouble working.

18         He seems to be a good family man.  Many of the

19    letters you have are from members of his family, and they

20    all show great care for Mr. Long.  And I know just based on

21    all the calls I've had from his mom and his sister and his

22    wife throughout these proceedings they all love him very

23    much.

24         I would like to point out as well, Your Honor --

25    and I don't know if you have in your possession or not.

1    There was a psychological evaluation prepared by Perry

2    Marchioni, and one sentence in it that is of particular

3    interest I hope to the Court, it states that in conclusion

4    he shows no evidence of any kind of behaviors consistent

5    with dangerousness at the present time.

6          So I would urge the Court to grant as low a

7    sentence as you can within the realms of justice.  And

8    that's all I have.

9          THE COURT:  Okay.  And I did get a number of

10    letters from family and friends, and they all speak very

11    highly of you, Mr. Long.  You're a fortunate man that they

12    are standing behind you when times aren't going so good.

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  Ms. Fleck, what would the Government

15    like to add?

16          MS. FLECK:  Your Honor, I would just like the

17    Court to know that I did meet with the victim and her mother

18    in this case, and I've also met with Mr. Long previously

19    along with Agent Morales and spoken to him, and he has been

20    cooperative and remorseful.

21          And the victim and her mother did want to let the

22    Court know that they do forgive him as well.  They were all

23    friends.  Both of their families were friends.

24          And it's an unfortunate incident that -- it's a

25    quite severe crime that he committed; however, the family

1    did not want to see him go to prison for a long time, and

2    they did not want to put the child through a trial.  And

3    because of all of those -- all of those factors, we decided

4    to dismiss Count One, which actually carried -- I believe it

5    was a 10-year minimum mandatory sentence.

6             I just would like Your Honor to take that into

7    consideration when you're deciding how to sentence him

8    today.  I'm not necessarily asking that he be sentenced on

9    the high end of the guidelines; however, he did receive a

10   substantial break because of his cooperation in part but

11   mostly the wishes of the victim and her family.  And I just

12   wanted to convey that to the Court.

13            THE COURT:  Thank you very much.

14            I'm not departing from the recommended sentence.

15            Pursuant to the Sentencing Reform Act of 1984,

16   which I have considered in an advisory capacity, and the

17   sentencing factors set forth in 18, United States Code,

18   Section 3553(a), which I have considered in arriving at a

19   reasonable sentence -- and I do find the guideline range in

20   this case to be fair and reasonable -- the following

21   sentence is imposed:

22            Michael Timothy Long is placed in the custody of

23   the U.S. Bureau of Prisons to serve a term of imprisonment

24   of 21 months.

25            Big -- do you want to --

1      THE DEFENDANT:  Big Spring is fine with me.

2      THE COURT:  I'll recommend Big Spring, that you

3  get education and job training.

4      Upon release from the Bureau of Prisons, you're

5  placed on supervised release for a term of three years.

6      The general terms of supervised release are those

7  set for the U.S. Courts for the Western District of Texas.

8  The special terms of supervised release are as follows:

9      You shall not be permitted to reside anyplace

10  where firearms are possessed or stored.  You shall abstain --

11  means you cannot use alcohol or any other intoxicant during

12  the term of supervised release.

13      You shall attend and participate in a mental

14  health treatment program and/or sex offender treatment

15  program as approved and directed by your probation officer.

16  You shall abide by all program rules, requirements, and

17  conditions of the sex offender treatment program, including

18  submission to polygraph testing at your own expense to

19  determine if you're in compliance with the conditions of

20  release.

21      You shall follow all other lifestyle restrictions

22  or treatment requirements imposed by the therapist and

23  continue those restrictions as they pertain to avoiding risk

24  situations throughout the course of supervision.  This

25  includes not residing or going to places where minor or

1   minors are known to frequent without the prior approval of

2   your probation officer.

3        You shall not possess or use a computer with

4   access to online computer service at any location, including

5   employment, without the prior written approval of your

6   probation officer. This includes any Internet service

7   provider, bulletin board system, or any other public or

8   private computer network.

9        You will not have contact with children under the

10   age of 18 unless the contact is approved and authorized in

11   advanced by a U.S. probation officer and supervised by a

12   person approved by the U.S. probation officer.

13        You shall refrain from purchasing, possessing, or

14   using any sexually stimulating or sexually oriented

15   materials, including, but not limited to, pornographic

16   books, magazines, photographs, films, videos, DVDs, and

17   computer programs or any other media for portrayal of the

18   same.

19        And you shall reside in a residence approved in

20   advance by your probation officer, and any changes in

21   residence must be pre-approved by your probation officer.

22        I find that you do not have the ability to pay a

23   fine.

24        You are required to pay the mandatory special

25   assessment to the Crime Victims Fund of $100.00.

1        Mr. Long, you have the right to appeal your

2  sentence and conviction assuming your rights to appeal were

3  not given up or waived as part of your plea agreement in

4  this case.  If you cannot afford an attorney to represent

5  you on appeal, an attorney will be appointed for you.

6        With few exceptions, any notice of appeal must be

7  filed within ten days from today in writing.  And if you

8  cannot afford it, a transcript of the record in this case

9  will be prepared for appeal at the Government's expense.

10        I want to add one more special condition to your

11  supervised release, and, that is, you will not have any

12  contact with the minor girl who was involved in this

13  incident or her family during the term of your supervised

14  release.

15        Ms. Fleck, does the Government want to dismiss

16  Count One of the indictment?

17        MS. FLECK:  Yes, Your Honor.

18        THE COURT:  Count One of the indictment as it

19  pertains to Mr. Long is dismissed with prejudice on motion

20  of the Government.

21        Mr. McLeaish, anything else?

22        MR. McLEAISH:  Nothing further, Your Honor.

23        THE COURT:  Good luck to you, Mr. Long.

24        At this time you're remanded back to the custody

25  of the United States Marshals.  Thank you.  Appreciate your

1    family being here today very much.

2              (Hearing adjourned)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          I, TODD ANDERSON, United States Court Reporter for the

2     United States District Court in and for the Northern

3     District of Texas, Dallas Division, hereby certify that the

4     above and foregoing contains a true and correct

5     transcription of the proceedings in the above entitled and

6     numbered cause.

7          WITNESS MY HAND on this 7th day of November, 2016.

8

9

10

11                              /s/Todd Anderson
                                TODD ANDERSON, RMR, CRR
12                              United States Court Reporter
                                1100 Commerce St., Rm. 1625
13                              Dallas, Texas  75242
                                (214) 753-2170

14

15

16

17

18

19

20

21

22

23

24

25