1

USA vs. Long - Rearraignment/Plea - September 24, 2008

1    **TRANSCRIBED FROM DIGITAL RECORDING**

2    IN THE UNITED STATES DISTRICT COURT
     FOR THE WESTERN DISTRICT OF TEXAS
3    MIDLAND-ODESSA DIVISION

4    UNITED STATES OF AMERICA,         )
                                       )
5         Plaintiff,                   )
                                       ) Case No. 7:08-CR-11
6         vs.                          )
                                       ) Midland, Texas
7    MICHAEL TIMOTHY LONG,             )
                                       ) September 24, 2008
8         Defendant.                   )
     _____)
9

10            **TRANSCRIPT OF REARRAIGNMENT/PLEA**
          **BEFORE THE HONORABLE L. STUART PLATT**
11              **UNITED STATES MAGISTRATE JUDGE**

12
     **APPEARANCES:**
13
     **FOR THE GOVERNMENT:**  MR. AUSTIN BERRY, AUSA
14                            MR. JOHN A. KLASSEN, AUSA
                              Office of the United States Attorney
15                            400 W. Illinois, Suite 1200
                              Midland, Texas  79701
16

17   **FOR THE DEFENDANT:**   MR. MICHAEL McLEAISH
                              Attorney at Law
18                            123 E. 4th Street
                              Odessa, Texas  79761
19

20
     **TRANSCRIBER:**         MS. ANN M. RECORD, RMR, CRR, CMRS, CRI
21                            200 East Wall Street, Suite 222
                              Midland, Texas  79701
22                            (432) 685-0361
                              ann_record@txwd.uscourts.gov
23

24        **NOTE:  FAILING TO SPEAK DIRECTLY INTO A MICROPHONE
            MAY RESULT IN INAUDIBLE PROCEEDINGS AS NOTED.**

25

**P R O C E E D I N G S**

1

2          (Proceedings re four defendants were held

3 contemporaneously)

4          (Defendants present)

5          (Proceedings re one or more of the other defendants,

6 not transcribed)

7          THE COURT:  Okay.  I'll ask all four defendants to

8 raise their right hands so the courtroom deputy can administer

9 an oath.

10          THE CLERK:  (Unintelligible.)

11          THE COURT:  Yeah, but I'm going to administer an

12 oath.  Miss Bossy today.

13          (Witness sworn by the clerk)

14          THE COURT:  Okay.  The Court will call the following

15 cases in which administered -- the oath's just been

16 administered to each of the defendants.

17          (Proceedings re one or more of the other defendants,

18 not transcribed)

19          THE COURT:  MO:08-CR-151, U.S. vs. Michael Timmy

20 Long.

21          (Proceedings re one or more of the other defendants,

22 not transcribed)

23          THE COURT:  Counsel can announce.

24          MR. BERRY:  Austin Berry on behalf of the United

25 States.

1    (Proceedings re one or more of the other defendants,
2 not transcribed)

3    MR. McLEAISH:  I'm Michael McLeaish for Michael Timmy
4 Long, and we're ready.

5    (Proceedings re one or more of the other defendants,
6 not transcribed)

7    THE COURT:  Okay.  Gentlemen, what we're about to do
8 is proceed through what's called a Rule 11 proceeding.

9    Now, you're each pretty close proximity to a
10 microphone, but try to speak up as you answer my questions
11 today.

12    What I'm going to do is make -- I need to ask you
13 questions to make sure you understand the charge, the
14 consequences of pleading guilty to the charge.  I want to make
15 sure your rights have been protected and that your decision is
16 a voluntary decision.

17    The way I will do that is to ask you questions under
18 oath.  You've been given an oath just before I called the case,
19 and each of you are under oath so you're subject to penalty of
20 perjury.  You have to be truthful.

21    You also have a right not to incriminate yourself.
22 But if you do answer the questions, you will likely incriminate
23 yourself.  If you choose not to answer the questions, that's
24 fine.  That's up to you.  But then the case would continue on
25 to trial.

4

USA vs. Long - Rearraignment/Plea - September 24, 2008

1          As we go through this today, just because we're doing

2    four at once, we do this fairly regularly; but if somebody

3    wants to have their plea done separately, then that's not a

4    problem whatsoever.  Just let me know.

5          As we go through this, if anybody has a question, you

6    don't understand something I'm telling you, please raise your

7    hand, speak up, let me know.  If you need to visit with your

8    attorney, all of these attorneys practice here regularly and

9    they know that I will stop the proceeding and allow you to stop

10   and meet with your attorney for whatever reasonable time you

11   would need.

12         So having said that, Mr. Nunez, do you understand and

13   are you willing to let me know if there's any question you have

14   along the way?

15         (Proceedings re one or more of the other defendants,

16   not transcribed)

17              THE COURT:  Okay.  Mr. Long?

18              THE DEFENDANT:  Yes, sir.

19         (Proceedings re one or more of the other defendants,

20   not transcribed)

21              THE COURT:  Okay.  Let's start with some basic

22   questions.  Even though I know this information about each of

23   you, I still have to put on the record.

24         (Proceedings re one or more of the other defendants,

25   not transcribed)

5

USA vs. Long - Rearraignment/Plea - September 24, 2008

1          THE COURT:  And, Mr. Long, would you state your full

2   name and your age for the Court.

3          THE DEFENDANT:  Michael Timothy Long, 38.

4          THE COURT:  And how far did you go in school?

5          THE DEFENDANT:  Six months in college.

6          THE COURT:  Okay.  And what sort of job or occupation

7   have you held recently?

8          THE DEFENDANT:  I'm a machinist.

9          THE COURT:  Okay.

10          (Proceedings re one or more of the other defendants,

11   not transcribed)

12          THE COURT:  Okay.  Mr. Long, how about you?  Any

13   history of stroke or severe head injury?

14          THE DEFENDANT:  No, sir.

15          THE COURT:  Any mental health history?

16          THE DEFENDANT:  No, sir.

17          THE COURT:  And are you currently under the influence

18   of any medication or substance?

19          THE DEFENDANT:  No, sir.

20          (Proceedings re one or more of the other defendants,

21   not transcribed)

22          THE COURT:  Mr. Carney, do you believe Mr. Stephens

23   is competent?

24          (Proceedings re one or more of the other defendants,

25   not transcribed)

6

USA vs. Long - Rearraignment/Plea - September 24, 2008

1    THE COURT:  And, Mr. McLeaish, Mr. Long?

2    MR. McLEAISH:  Yes, sir.

3    THE COURT:  Okay.

4    (Proceedings re one or more of the other defendants,

5  not transcribed)

6    THE COURT:  Okay.  Each of you signed documents

7  entitled Consent to Administration of Guilty Plea by the

8  Magistrate Judge.  As a U.S. Magistrate Judge, I can receive

9  your plea.  I receive the -- about 99 percent of the pleas in

10 this Division.  But you have a right to present the District

11 Judge if you so desire.  The District Judge will sentence you

12 no matter whether I've received the plea or whether he receives

13 the plea.

14    Mr. Zapata, you want me to receive your plea today as

15 that document indicates?

16    (Proceedings re one or more of the other defendants,

17 not transcribed)

18    THE COURT:  And Mr. Long?

19    THE DEFENDANT:  Yes, sir.

20    (Proceedings re one or more of the other defendants,

21 not transcribed)

22    THE COURT:  One of your important rights that each of

23 you possesses individually is the right to an attorney.  Let me

24 look here.

25    (Sotto voce discussion)

7

USA vs. Long - Rearraignment/Plea - September 24, 2008

1    (Proceedings re one or more of the other defendants,

2  not transcribed)

3    THE COURT:  Okay.  One of your important rights each

4  of you individually maintains is the right to an attorney and

5  competent counsel to represent you.

6    Mr. Nunez, have you had an adequate amount of time to

7  meet with your attorney?

8    (Proceedings re one or more of the other defendants,

9  not transcribed)

10    THE COURT:  Mr. Long?

11    THE DEFENDANT:  Yes, Your Honor.

12    (Proceedings re one or more of the other defendants,

13  not transcribed)

14    THE COURT:  Have you had time to talk about the facts

15  of the case, possible defenses, and things like these

16  sentencing guidelines I'm holding up here?

17    (Proceedings re one or more of the other defendants,

18  not transcribed)

19    THE COURT:  Mr. Long?

20    THE DEFENDANT:  Yes, sir.

21    (Proceedings re one or more of the other defendants,

22  not transcribed)

23    THE COURT:  Mr. Nunez, do you believe your attorney

24  is concerned about your rights, your best interests?

25    (Proceedings re one or more of the other defendants,

8

USA vs. Long - Rearraignment/Plea - September 24, 2008

1  not transcribed)

2      THE COURT:  And Mr. Long?

3      THE DEFENDANT:  Yes, Your Honor.

4      (Proceedings re one or more of the other defendants,

5  not transcribed)

6      THE COURT:  Okay.  Overall, are you satisfied with

7  the representation you've received?

8      (Proceedings re one or more of the other defendants,

9  not transcribed)

10      THE COURT:  And Mr. Long?

11      THE DEFENDANT:  Yes, Your Honor.

12      (Proceedings re one or more of the other defendants,

13  not transcribed)

14      THE COURT:  Okay.  Having said that, then, let's

15  proceed to talk about a couple of things that will likely

16  impact your case.  I want to go over the sentencing guidelines,

17  what impact they might have.  And I want to go over the charge,

18  the punishment range, and your individual plea agreements.

19      The sentencing guidelines are contained in a book --

20  manual like this.  They are what -- what they're described to

21  be.  They're a guideline.  A District Judge uses them as a

22  guideline.

23      Typically, what happens is they're based on a system

24  of points.  The higher the points, the higher the recommended

25  sentence.  The lower the points, the lower the recommended

9

USA vs. Long - Rearraignment/Plea - September 24, 2008

1  sentenced.

2        District Judge looks at the sentencing table.  He

3  looks down the offense level column I'm showing you here.

4  Figures out what the number of points are which will probably

5  be different for each one of you depending on the type of

6  offense and your role.  He can deduct two points if you accept

7  responsibility; and in certain situations, he can deduct a

8  third point.

9        If your point totals are 16 or higher and if the

10 District Judge is giving you two points acceptance for doing

11 your plea in a timely fashion and if the government makes a

12 request, then the District Judge within his discretion can give

13 you a third point.  And we'll talk about that a little bit

14 later.

15        But he nets out whatever points need to be subtracted

16 and then comes across and looks at the page to see if you have

17 a prior criminal history category.  It gives a recommended

18 range of punishment over here.  He's not bound by that range.

19 He can go above it.  He can go below it.  He can go right in

20 the middle of it.

21        Typically, Judge Junell, because he sentences so many

22 people, uses this as a guide in sentencing.  So it's likely to

23 have an impact on your sentence.

24        Mr. Nunez, do you understand that?

25        (Proceedings re one or more of the other defendants,

10

USA vs. Long - Rearraignment/Plea - September 24, 2008

1  not transcribed)

2         THE COURT:  And, Mr. Long?

3         THE DEFENDANT:  Yes, Your Honor.

4         (Proceedings re one or more of the other defendants,

5  not transcribed)

6         THE COURT:  Let me explain what supervised release is

7  to you because it will be applicable to all four of the

8  defendants here.  So all four need to listen to this.

9         Supervision -- or supervised release will be

10 applicable in every one of your cases.  It's a time period

11 after any jail or prison time if jail time is given to you.

12        What happens is when you're released from jail or

13 prison, you're placed under a condition of supervision, much

14 like what we called parole in the federal system.  What happens

15 then is during that time period, if you abide by your

16 conditions, report to it a probation officer, then everything

17 is fine.

18        If you fail to abide by your conditions of

19 supervision, you can actually be brought back before the Court

20 and sentenced to additional jail or prison time.  I would like

21 to tell you it never happens; but, unfortunately, it happens

22 fairly regularly because individuals -- generally, it's because

23 of positive urinalysis or something of that nature.

24        (Proceedings re one or more of the other defendants,

25 not transcribed)

11

USA vs. Long - Rearraignment/Plea - September 24, 2008

1          THE COURT:  Okay.  Mr. Long, allegation in your

2   indictment that is on or about May 7, 2007, continuing until on

3   or about July 10, 2008, in the Western District of Texas, you

4   did use a facility of interstate and foreign commerce --

5          I'm sorry.  That's for Count One.  And you're

6   pleading to Count Two, are you not?

7          THE DEFENDANT:  That's correct.

8          THE COURT:  Okay.  So let me flip over to Count Two.

9   Count Two says that on or about July 10, 2008, in the Western

10  District of Texas, that you did by means of interstate

11  commerce -- that is, the Internet -- knowingly attempt to

12  transfer obscene matter to another individual who had not

13  attained the age of 16 years knowing that the other individual

14  had not attained the age of 16 years, in violation of Title 18,

15  United States Code, Section 1740.

16          The government has to show that you knowingly did

17  something.  What you knowingly did was that you attempted to

18  transfer obscene matter to another individual.  That this

19  individual is not 16 -- had not attained the age of 16, and

20  that you knew they had not attained the age of 16.  And that it

21  was moved in interstate commerce via the Internet.  Do you

22  understand what you're charged with here?

23          THE DEFENDANT:  Yes, Your Honor, I do.

24          THE COURT:  Okay.  Your plea agreement talks about

25  the punishment range, but I still need to go over it with you.

12

USA vs. Long - Rearraignment/Plea - September 24, 2008

1  You face up to ten years in prison.  Three years of that

2  supervised release that we talked about.  This is not one that

3  carries with it up to life, as I recall.  It's only the 22 --

4  2200 series, I believe.

5          MR. KLASSEN:  I think that is correct.  I don't think

6  this is a life (unintelligible) of supervised release.

7          THE COURT:  Okay.  You face -- there were some

8  changes made in the law for some of the 2200 series offenses

9  that carry with them up -- from a minimum amount up to life

10  supervised release, but I don't recall that change being made

11  to 1470 -- Section 1470.  I think it probably is applicable to

12  Count One if you had pled guilty to that.

13          Okay.  So you face up to three years supervised

14  release; a fine not to exceed $250,000; and a $100 special

15  assessment.  Do you understand the punishment range here?

16          THE DEFENDANT:  Yes, sir, I do.

17          THE COURT:  Okay.  There is a factual basis.  Did you

18  sign this factual basis?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  And is it true and correct?  And did you

21  read it?

22          THE DEFENDANT:  Yes, Your Honor, I did.

23          THE COURT:  Okay.  Okay.  When you sent this picture,

24  where were you located?

25          THE DEFENDANT:  At home.

13

USA vs. Long - Rearraignment/Plea - September 24, 2008

1      THE COURT:  Okay.  But home where?

2      THE DEFENDANT:  You mean --

3      THE COURT:  In Midland, Texas, or in --

4      THE DEFENDANT:  No, Odessa, Texas.

5      THE COURT:  Odessa.  Okay.  And you sent it through

6  what service -- Internet Service Provider did you send it

7  through?

8      THE DEFENDANT:  I think it was Clearwater, but I

9  think -- I'm not sure.

10      THE COURT:  Okay.  But there is not any question in

11  your mind that it traveled interstate?  That through your

12  server, it went to some other location out of state?

13      THE DEFENDANT:  It was not out of state.

14      MR. KLASSEN:  Judge, I don't think -- in this

15  particular case, I don't think that's required.  The statute

16  uses the terms of means of interstate commerce, not traveled in

17  interstate commerce.

18      THE COURT:  Okay.

19      MR. KLASSEN:  The other aspect, the Fifth Circuit

20  ruled in a case called the United States vs. Runyan several

21  years ago in a child pornography context.  That basically what

22  it ruled was that for purposes of interstate commerce, that

23  usage of Internet is tantamount to interstate commerce because

24  of the nature of the medium.  So I don't think it is a

25  jurisdictional issue.

14

USA vs. Long - Rearraignment/Plea - September 24, 2008

1          THE COURT:  Okay.

2          MR. McLEAISH:  I agree with Mr. Klassen, Your Honor,

3   as well.

4          THE COURT:  Okay.  Okay.  But no question you sent it

5   through the Internet, right?

6          THE DEFENDANT:  That's correct, Your Honor.

7          THE COURT:  Okay.  Do we have any -- do we have any

8   victim situations here that -- have victims been addressed?

9          MR. KLASSEN:  In this particular case, we have met

10  the family of the girl.  They are aware of this plea

11  arrangement, and they're in agreement with (unintelligible).

12         THE COURT:  Okay.  I'll make a footnote that the

13  victims were notified.

14         (Proceedings re one or more of the other defendants,

15  not transcribed)

16         THE COURT:  And then, Mr. Long, in your case there is

17  a plea agreement here.  Did you sign the plea agreement on the

18  last page here?

19         THE DEFENDANT:  Yes, Your Honor, I did.

20         THE COURT:  Okay.  And did you sign that today?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  And did you review it before you signed

23  it?

24         THE DEFENDANT:  Yes, Your Honor, I did.

25         THE COURT:  Okay.

1    (Proceedings re one or more of the other defendants,
2 not transcribed)

3    THE COURT:  Mr. Long, you and Mr. Stephens both
4 signed plea agreements both of which contain language that you
5 give up your rights on appeal.

6    Mr. Long, I tell defendants when you sign these plea
7 agreements, barring unusual exceptions like conditional pleas
8 that I'll talk with Mr. Stephens about, you're basically giving
9 up most of your rights on appeal if you're not satisfied with
10 the results.  You do retain some rights, but they're fairly
11 minimal.  Do you understand that?

12    THE DEFENDANT:  Yes, sir.

13    THE COURT:  Okay.

14    (Proceedings re one or more of the other defendants,
15 not transcribed)

16    THE COURT:  Okay.  I need to continue to go over some
17 things with you and Mr. Long.  For both of you, there is
18 written language about this third point that I talk to all the
19 defendants.

20    And you understand that, Mr. Stephens?

21    (Proceedings re one or more of the other defendants,
22 not transcribed)

23    THE COURT:  Okay.  And Mr. Long?

24    THE DEFENDANT:  (Unintelligible.)

25    THE COURT:  Mr. Long, you've agreed to cooperate

16

USA vs. Long - Rearraignment/Plea - September 24, 2008

1  fully with the government.  You can be called upon to testify.

2  They can polygraph you.  They can require you to debrief with

3  them.  Do you understand those obligations?

4            THE DEFENDANT:  Yes, Your Honor, I do.

5            THE COURT:  Now, in the event that the government

6  believes you have provided them substantial assistance -- and I

7  don't know in this type of case whether you will be able to do

8  that or not.  But if they do, they have made a commitment that

9  they would consider asking for a downward departure in your

10 sentence.  There is no guarantee.  You're at their mercy, to be

11 honest.  Okay?

12           THE DEFENDANT:  Okay.

13           THE COURT:  And even if they ask for it, it is still

14 up to the judge.  It's discretionary with the judge.  And you

15 understand that.

16           THE DEFENDANT:  Yes, Your Honor.

17           THE COURT:  Okay.

18           (Proceedings re one or more of the other defendants,

19 not transcribed)

20           THE COURT:  For both of you that have plea agreements

21 here, your agreement is binding on you and it's binding on the

22 U.S. Attorney for the Western District of Texas.  It is not

23 binding on any other prosecution district.  It's not binding on

24 the state.  It's not binding on another federal district.  So

25 if you've done something related to the offense that's in your

17

USA vs. Long - Rearraignment/Plea - September 24, 2008

 1  plea agreement or in your indictment, for Mr. Long and for

 2  Mr. Stephens, in another district -- Oklahoma, Eastern Texas,

 3  something like that -- you can still be prosecuted there.  I'm

 4  not aware of anything in that regard, but if that was the case.

 5          You are not protected in this district -- it's a big

 6  district.  It runs from El Paso to Midland to Waco down to

 7  San Antonio and Del Rio -- from matters unrelated to your plea

 8  agreement.

 9          So, for example, if you're involved in drug

10  smuggling, interstate auto theft, something not referred to in

11  your plea agreement and your indictment, then you could still

12  be prosecuted in this district even if it's already occurred.

13          Mr. Long, do you understand that?

14          THE DEFENDANT:  Yes, Your Honor I do.

15          (Proceedings re one or more of the other defendants,

16  not transcribed)

17          THE COURT:  Okay.  Do either of you have any

18  questions about your plea agreement?

19          (Proceedings re one or more of the other defendants,

20  not transcribed)

21          THE COURT:  Okay.  Mr. Long?

22          THE DEFENDANT:  No, Your Honor.

23          THE COURT:  Okay.

24          (Proceedings re one or more of the other defendants,

25  not transcribed)

1    THE COURT:  Okay.  All of you have the same basic

2  rights, and that is -- these are important rights.  You have

3  the right to a trial and at that trial you have the right for

4  the jury to be instructed by the Court that you must be

5  presumed innocent.

6    You have the right for the jury to be told that if

7  you chose not to testify that it cannot be used against you.

8    You also have the right for you and your attorney to

9  object to evidence, to offer evidence in your defense, to

10  cross-examine the government's witnesses, to subpoena witnesses

11  at trial, challenge the government's case.

12    You also have -- perhaps your most important right --

13  your right to trial and right to trial by jury.  All of these

14  rights you give up if you plead guilty here today.

15    Do you understand that?

16    (Proceedings re one or more of the other defendants,

17  not transcribed)

18    THE COURT:  How about you, Mr. Long?

19    THE DEFENDANT:  Yes, Your Honor.

20    (Proceedings re one or more of the other defendants,

21  not transcribed)

22    THE COURT:  Mr. Long, has anyone promised you

23  anything else to get you to plead guilty other than what we've

24  talked about in open court or what's in the written plea

25  agreement?

19

USA vs. Long - Rearraignment/Plea - September 24, 2008

1          THE DEFENDANT:  No, sir.

2          THE COURT:  Is this a voluntary decision regarding

3  Count Two?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  And has anyone coerced or threatened you

6  to cause you to plead?

7          THE DEFENDANT:  No, Your Honor.

8          THE COURT:  How do you plead to Count Two alleging a

9  violation of 18 U.S.C., Section 1470?

10          THE DEFENDANT:  Guilty, sir.

11          (Proceedings re one or more of the other defendants,

12  not transcribed)

13          THE COURT:  Okay.  As to each of you, I'll find and

14  recommend the District Judge find that you're each competent.

15          You've had the assistance of counsel.

16          You understand your important rights such as your

17  right to trial.

18          You understand the nature of the charge.

19          You understand the maximum punishment you face.

20          You understand how the sentencing guidelines may have

21  some impact on your sentence.

22          That your pleas are voluntary and supported in the

23  factual basis.

24          I'll recommend the two plea agreements for Mr. Long

25  and Mr. Stephens be accepted.

20

USA vs. Long - Rearraignment/Plea - September 24, 2008

1    And I'll recommend all four pleas be accepted.

2    (Proceedings re one or more of the other defendants,

3 not transcribed)

4    THE COURT:  And your sentencing will be -- for all of

5 you, it will be about 80 to 90 days from now.  It's about how

6 long it takes for the probation office to put together a

7 report.

8    (Proceedings re one or more of the other defendants,

9 not transcribed)

10    THE COURT:  Okay.  Mr. Long, as to your case, I think

11 pretrial provided your attorney a copy of a document which was

12 sent over from Dismas Charities.  They are concerned about some

13 conduct that occurred out at Dismas Charities, and I want to

14 talk to you about that here in a minute.

15    THE DEFENDANT:  Okay.

16    THE COURT:  So let me -- let's talk -- let me deal

17 with Mr. Zapata and everybody else first, okay?

18    THE DEFENDANT:  (Unintelligible.)

19    (Proceedings re one or more of the other defendants,

20 not transcribed)

21    THE COURT:  Okay.  Mr. Long, if you'll step up to the

22 podium there.  I don't want to get into a big detailed

23 discussion here of the allegations.

24    Is the government aware of what's been alleged in

25 this case?

21

USA vs. Long - Rearraignment/Plea - September 24, 2008

1          MR. BERRY:  Yes, Your Honor.

2          THE COURT:  Ms. Villalba, is Dismas -- they're not

3    saying they are dismissing him; is that correct?

4          PRETRIAL OFFICER:  That's correct.

5          THE COURT:  Okay.

6          Mr. McLeaish, do you want to be heard on this matter?

7          MR. McLEAISH:  Your Honor, I just recently confronted

8    with the document this afternoon; however, it appears the

9    weight of the evidence -- if I were weighing it on the scales

10   of justice -- would appear to show that this was an accidental

11   thing rather than some type of purposeful.

12         THE COURT:  We've got a couple of mixed reviews on

13   whether it was intentional or not, but it's --

14         MR. McLEAISH:  I think it -- by my reading of it,

15   it's two to one in favor of unintentional, Your Honor.

16         THE COURT:  If you weigh the number of the witnesses,

17   you would --

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Okay.  What's the government's position

20   on this matter?

21         MR. BERRY:  Your Honor, we respectfully request that

22   you follow the recommendation of pretrial and have the --

23   Mr. Long detained.  He has pled guilty to this crime, and the

24   incidents that happened at Dismas Charities is certainly

25   alarming and suggests that he is a danger and that he should

22

USA vs. Long - Rearraignment/Plea - September 24, 2008

1  probably be detained until sentencing.

2         THE COURT:  Mr. Long, my concern is unfortunately

3  instance remarkably similar to what happened on the Internet is

4  just in person.  That's what concerns me in this case.

5         THE DEFENDANT:  I understand, Your Honor.  Am I

6  allowed to speak about it?

7         THE COURT:  Sure.  I mean, it's up -- if you want to

8  talk to your lawyer before you do, it's up to you.

9         THE DEFENDANT:  Your Honor, there was one day when

10 they were -- talking about my pajama bottoms.  I did laundry at

11 Dismas, and I wear my pajamas and we did chores.  And I am

12 required to carry this around with me at all times, and I

13 clipped it to the inside of my pajama bottoms around the -- to

14 make the waistband tighter so it wouldn't pull down on my

15 pajamas so I could protected it while I was doing the dishes.

16 And I believe this is what they were speaking about.

17        THE COURT:  Okay.

18        MR. McLEAISH:  It is sort of like the potato, Your

19 Honor.

20        THE DEFENDANT:  I have also asked Ms. Sylvia at times

21 if I could leave this in my vehicle while I'm working in the

22 machine shop because I didn't want it tore up; and she just

23 reminded me that, no, I cannot take it off.  So I tried to

24 protect it with my shirt tail -- my uniform shirts that I wear

25 at work because I don't want it damaged, Your Honor.  It's not

23

USA vs. Long - Rearraignment/Plea - September 24, 2008

1  my property.  I wouldn't want to have to pay for it because I
2  am already paying the monthly rental on it.

3          THE COURT:  Okay.  So you think that some of these
4  ladies mistook your tracking device for a body part; is that
5  correct?

6          THE DEFENDANT:  That's correct, Your Honor, because I
7  wore it in the front above my left leg and it swivels.  And it
8  swiveled when I walked.  And I just -- I put it on the inside
9  of my pajamas to protect it while I was doing the dishes.  That
10 is the only time I have ever worn my pajamas around Dismas
11 especially during chores.  All the other times I've worn my
12 blue jeans.

13         And from what I understand, I've also done everything
14 a hundred percent from what I'm supposed to do ever since I've
15 been at Dismas Charities, Your Honor.

16         THE COURT:  Ms. Villalba did acknowledge that you
17 have done the things that you've done -- that you've been
18 required to do over there.  It's just it's a remarkably similar
19 instant to the allegations in the indictment but just not sent
20 over the Internet.

21         THE DEFENDANT:  Well, one of the gentlemen was
22 laughing at me when I left the kitchen and one of the employers
23 there was shaking his head.  And at the time I didn't even
24 think about it because I have to carry it with me.  I couldn't
25 leave it in my dorm while I was doing the chores.

24

USA vs. Long - Rearraignment/Plea - September 24, 2008

1        THE COURT:  Government have anything else they want

2   to add?

3        MR. BERRY:  Your Honor, just that there's nothing in

4   the report from Dismas Charities, from either the director or

5   assistant director, to indicate that that was even -- that what

6   Mr. Long is proposing that was what was discussed here, that it

7   was some innocuous device instead of an erection.

8        I really don't see where this is coming from to begin

9   with.  As I said, both the director and the assistant director

10  wrote this report, documented it.  And as you pointed out

11  already, this is remarkably similar to what he's just pled

12  guilty to sort of in a different format, obviously.  But it is

13  alarming enough in its similarity that the government

14  respectfully requests that he be detained.

15       MR. McLEAISH:  Your Honor, may I just respond --

16       THE COURT:  Sure.

17       MR. McLEAISH:  -- briefly to that?

18       Mr. Long advises me that this is the first that this

19  allegation or these allegations have even come to his

20  attention.  So we're here kind of at a surprise.  This is the

21  first time we've had to respond to it.  I had no idea about

22  this devise.  I haven't even had time to talk to him about it.

23  They stuck this in front of my nose as we came up here and

24  said -- say, "We're going to try and detain your client," if

25  this is correct or Mr. Long is a quick thinker, one of the two,

25

USA vs. Long - Rearraignment/Plea - September 24, 2008

 1   because he and I didn't even have time to talk about it.

 2        THE COURT:  Either that or we've got four or five --

 3        (Unintelligible)

 4        MR. McLEAISH:  Excuse me.  Judge, I didn't mean to

 5   interrupt you.  But I wonder where this was while he was doing

 6   his work.

 7        THE COURT:  Well, we've got four or five women that

 8   are either mistaking that device for a known body part, and

 9   maybe they don't have any expertise, but --

10        MR. McLEAISH:  Well, Judge, you know, it would --

11   it's a little -- well, I don't want to go to describing parts,

12   but it could well resemble it.  I'd almost be willing in

13   chambers to have a demonstration if you'd like.

14        THE DEFENDANT:  Yes, Your Honor.  I'll wear my

15   pajamas and --

16        THE COURT:  (Unintelligible.)

17        THE DEFENDANT:  Has there been any other complaints

18   since this, Ms. Sylvia?  Have I done anything -- I mean, I've

19   tried to do everything I can.

20        In fact, Dismas Charities made a mistake on my color

21   code one day and I caught it and made it to see Ms. Sylvia for

22   my screening on time.

23        THE COURT:  I tell you what I'm going to do.

24   Normally, in these -- this is a mandatory detention case.

25   Normally, I would just take you into custody and we wouldn't

26

USA vs. Long - Rearraignment/Plea - September 24, 2008

1  have a hearing about it.  I think you'd be the first time we

2  ever had a hearing on the subject matter.

3           But what I'm going to do, have the marshals take you

4  into custody, and then we'll have a hearing next week.  I'll

5  work you in as quickly as I possibly can.  And I want to hear

6  from the people at Dismas and see if any of them observed the

7  particular tracking device and see what they believe.

8           Ms. Villalba, if you find out in the interim in

9  talking with them that the device was observed in another

10  location, you can let us know; but we'll have a hearing on it.

11           I'm not required to have a hearing, Mr. Long, okay?

12  But I'll do that.  Let me look at my calendar for next week.

13           Ms. Villalba, how long do you think it would take you

14  to get ahold of people over there and find out?

15           PRETRIAL OFFICER:  I can -- (unintelligible).

16           THE COURT:  Well, do you think -- I mean, somebody

17  would have to come over here and testify if we have a hearing.

18           (Attorney/defendant sotto voce discussion)

19           THE COURT:  What about Wednesday morning at like

20  8:30?

21           Okay.  Mr. Long, you'll go into custody; and then

22  we'll have a hearing Wednesday morning at 8:30.

23           Mr. McLeaish, can you make it Wednesday morning?

24           MR. McLEAISH:  I will make it, Your Honor.  Wednesday

25  at 8:30.

1    THE COURT:  Okay.  It may be one of the more lively

2  hearings you've been a part of.

3    (End of audio proceedings)

4    * * * * * *

5    **C E R T I F I C A T E**

6

7    I certify that the foregoing is a correct

8  transcript of the digital recording of proceedings in the

9  above-entitled matter to the best of my ability, given the

10  limitations of using a digital recording system.

11

12
    _____
    */s/Ann M. Record*
13  Date: 5/16/2017    Ann M. Record, RMR, CRR, CMRS, CRI
    United States Court Reporter
14    200 East Wall Street, Suite 222
    Midland, Texas  79701
15    Telephone:  (432) 685-0361
    e-mail:  ann_record@txwd.uscourts.gov
16

17

18

19

20

21

22

23

24

25